## Case No. 17,940.

### WOOD v. CARR.

[3 Story, 366;[1] 6 Law Rep. 156.]

Circuit Court, D. Maine. May Term, 1842.

SET-OFF OF EXECUTIONS—RIGHTS OF ASSIGNEE.

All actions and matters of difference between the parties having been referred to referees, they made separate reports, upon which executions issued and were placed in the hands of the sheriff. Before the executions were issued, one of the parties assigned the amount he might recover to third persons, who had full notice of all the facts. *Held*, that the assignee was not protected by the proviso of the statute of Maine, of the 13th March, 1821, c. 6, § 4, the claim not having been "assigned to him bona fide and without fraud;" and that the original parties having mutual executions against each other, the sheriff had a right to set off one against another, notwithstanding the notice given to him of the assignment.

The defendant, being sheriff of the county of Penobscot, had placed in his hands for collection, an execution issued on a judgment recovered by the Bangor House Proprietary against the plaintiff. He had also placed in his hands for collection an execution issued on a judgment recovered by the plaintiff against the Bangor House Proprietary. Thereupon, at the request of said proprietary, the defendant satisfied the plaintiff's execution, by setting the amount thereof, due and unpaid off, upon the execution in favor of the Bangor House Proprietary, indorsing the said amount on the said execution in part payment and satisfaction thereof. This action was brought against the defendant for an alleged misfeasance in making the said set-off. It appeared in evidence, that the plaintiff and the said proprietary having got into difficulty and dispute, several actions were brought by the proprietary against the plaintiff; all of which were referred, with all matters of difference between the parties, to three persons. The referees made separate reports in and by way of final disposition of each of the said actions, and the judgments, on which the said several executions issued, were judgments in pursuance of and upon acceptance of the said referee's report. After the said referees had so agreed to report, the plaintiff assigned the amount he might recover in the action, in which judgment was entered up in his favor, and execution issued, as herein before stated, to third persons, for the consideration and purposes therein expressed. And this action was brought by such third persons, in the name of the plaintiff, for the benefit of such third persons, who well knew the whole transaction and facts here stated. A verdict was taken for the plaintiff, by consent, subject to the opinion of the court. If the sheriff had a right to make the set-off, he having been notified of the assignment, the verdict was to be set aside. If he had by law no right so to do, but was bound to collect the amount, and pay the same over to the assignee of Wood, said Wood being insolvent at the time of said assignment, then judgment was to be entered on the verdict. The statute of Maine, of the 13th of March, 1821, c. 6, § 4, provides that whenever any sheriff shall at the same time have several executions wherein the creditor in one execution is debtor in the other, he may cause one execution to answer and satisfy the other so far as the same will extend; with a proviso (among other things) that it shall not "affect the rights of any person, to whom, or for whose benefit, the same judgment, or execution, or the original cause of action thereof, may have been assigned bona fide, and without fraud."

C. S. Daveis, for plaintiff.
W. P. Preble, for defendant.

For the defendant was cited Hatch v. Greene, 12 Mass. 195; and for the plaintiff, Greene v. Darling [Case No. 5,765], and Howe v. Sheppard [Id. 6,773].

STORY, Circuit Justice, after stating the facts, and reviewing the decisions, said: I have no doubt whatsoever, that the assignment having been made with a full knowledge of all the facts, the assignee must take the same, subject to all the known equities between the original parties. To give it any other and further effect would, in my judgment, contravene the policy of the statute of Maine, and make it an instrument of injustice, as well as of fraud. In no sense can an assignee be said to be a bona fide holder of an assignment without fraud, who, by procuring that assignment, seeks to defeat the just rights of the other party. Notice is universally deemed, if not at law, at least in equity, to place the party in a situation of a trustee, as to all the rights, which he acquires, affected by that notice. He, who has notice of equities, which he seeks to defeat, is, in the eyes of a court of equity, deemed guilty of a constructive fraud; and he is not a bona fide holder, although he may have paid a valuable consideration therefor. In the sense, then, of the statute of Maine the assignee is not within the saving of the proviso: for the claim has not been "assigned to him bona fide and without fraud."

It appears to me, therefore, that the verdict for the plaintiff ought to be set aside. I wish to add, that there is nothing in the case of Greene v. Darling [Case No. 5,765], or that of Howe v. Sheppard [Id. 6,773], that, in the slightest degree, infringes the doctrine stated in the present opinion.

Verdict set aside.

---

[1] [Reported by William W. Story, Esq.]